UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN FENN, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant. | Case No. 1:11-CV-00244-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Open Discovery and for Leave to Take Depositions of Plaintiff and Declarants (Dkt. 23). Hewlett-Packard Company ("HP") asks the Court to grant it leave to take brief, expedited depositions of Fenn and four other individuals who filed declarations in support of Fenn's Motion for Conditional Certification. By stipulation, HP's response to the Motion for Conditional Certification is due September 9, 2011.

## ANALYSIS

The FLSA provides a cause of action for an employee against an employer who fails to pay overtime wages. 29 U.S.C. § 207(a), (o). An employee may sue "for and in behalf of himself . . . and other employees similarly situated." Id. § 216(b). This is known

**MEMORANDUM DECISION AND ORDER - 1**

as a collective action, and proceeds on an opt-in basis. Id.; *see Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). "To facilitate this process, a district court may authorize the named plaintiffs in an FLSA collective action to send notice to all potential plaintiffs." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). "It is within the discretion of the district court to determine whether a certification of a § 216(b) collective action is appropriate." *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D. Cal. 2006).

Although the Ninth Circuit has not articulated a single standard to guide this Court's "similarly situated" analysis, a majority of courts adopt a two tiered approach. *See, e.g., Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM (W.D. Wash. Feb. 19, 2010); *Colson v. Avnet, Inc.*, No. 09-603-PHX-MHM (D. Ariz. Jan. 27, 2010); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-cv-00722-RCJ-PAL (D. Nev. Jan. 12, 2009); *Goudie v. Cable Commc'ns, Inc.*, No. 08-CV-507-AC (D. Or. Oct. 14, 2008); *Hoffman v. Securitas Sec. Servs.*, No. CV07-502-S-EJL (D. Idaho Aug. 27, 2008); *Edwards*, 467 F. Supp. 2d at 990.

Under the two-step approach, "the first step is for the court to decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *Edwards*, 467 F. Supp. 2d at 990 (internal quotation marks omitted). Given the lack of discovery and limited evidence available to the court at this early stage in the proceedings, "this determination is usually made under a fairly lenient standard and typically results in conditional class

certification." *Id*. (internal quotation marks omitted). Indeed, plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members. However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden. *Id*. (quoting *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003)). All the plaintiff needs to show, "is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993). The second phase of the two-step approach occurs once discovery is complete and the case is ready for trial. At that time, the party opposing § 216(b) collective action treatment may move to decertify the class. *Id*. at 990 n.1.

The Court may authorize discovery before a Rule 26(f) conference. F.R.C.P. 26(d). HP points out that this Court granted such authorization in *Cannell v. Shopko*, 1:05-CV-00496-BLW, which, like this case, was a collective action. However, early discovery in that case was limited to a single deposition of the plaintiff, where the plaintiff had made some conclusory remarks about other employees. Here, HP wants to take depositions of the plaintiff and four other individuals over the next two weeks. It is not clear whether those individuals are represented by plaintiff's counsel, or whether they would need time to retain separate counsel. Either way, it would be a significant burden

MEMORANDUM DECISION AND ORDER - 3

to prepare for those depositions at this point, and it would likely delay resolution of the Motion for Conditional Certification.  The statute anticipates the lack of discovery and limited evidence available to a court at the early stage of a collective action proceeding, which is why the determination made at the first stage is "usually made under a fairly lenient standard . . . ."  *Edwards*, 467 F. Supp. 2d at 990.

Accordingly, the Court will not grant the motion.  It may be that once the Motion for Conditional Certification is fully briefed, the Court will have a better understanding of the issues in this case, and the Court may need to allow the depositions before making its decision.  However, the more likely scenario is that the Court will be able to decide the issue as presented, and HP may move to decertify the class at a later date if the Court conditionally certifies the action.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Open Discovery and for Leave to Take Depositions of Plaintiff and Declarants (Dkt. 23) is **DENIED**.



DATED:  **August 26, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER - 4