UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN FENN, on behalf of herself and those similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>                Defendant. | Case No. 1:11-CV-00244-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Conditional Certification of An FLSA Collective Action (Dkt. 21), and Defendant's Motion to Strike Declarations Submitted in Support of Plaintiff's Motion for Conditional Certification (Dkt. 34.) The Court has determined that the motions are suitable for disposition without oral argument.

## ANALYSIS

The FLSA provides a cause of action for an employee against an employer who fails to pay overtime wages. 29 U.S.C. § 207(a), (o). An employee may sue "for and in behalf of himself . . . and other employees similarly situated." Id. § 216(b). This is known as a collective action, and proceeds on an opt-in basis. *Id.*; *see also Hoffman-La Roche*

*Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The district court may authorize named

plaintiffs in an FLSA collective action to send notice to all potential plaintiffs to facilitate

this process. *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th

Cir. 2000). The district court has discretion whether certification of a § 216(b) collective

action is appropriate. *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 989 (C.D.

Cal. 2006) (Citing *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D.Cal.

2004).

Although the Ninth Circuit has not articulated a single standard to guide the

"similarly situated" analysis, a majority of courts adopt a two tiered approach. *See, e.g.,*

*Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM (W.D. Wash. Feb. 19, 2010); *Colson v.*

*Avnet, Inc.*, No. 09-603-PHX-MHM (D. Ariz. Jan. 27, 2010); *Davis v. Westgate Planet*

*Hollywood Las Vegas, LLC*, No. 2:08-cv-00722-RCJ-PAL (D. Nev. Jan. 12, 2009);

*Goudie v. Cable Commc'ns, Inc.*, No. 08-CV-507-AC (D. Or. Oct. 14, 2008); *Hoffman v.*

*Securitas Sec. Servs.*, No. CV07-502-S-EJL (D. Idaho Aug. 27, 2008); *Edwards*, 467 F.

Supp. 2d at 990.

Under the two-step approach, "the first step is for the court to decide, based

primarily on the pleadings and any affidavits submitted by the parties, whether the

potential class should be given notice of the action." *Edwards*, 467 F. Supp. 2d at 990

(internal quotation marks omitted). Given the lack of discovery and limited evidence

available to the court at this early stage in the proceedings, "this determination is usually

made under a fairly lenient standard and typically results in conditional class

certification." *Id.* (internal quotation marks omitted). Indeed, "[p]laintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members." *Id.* (quoting *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003)). Unsupported assertions of widespread violations do not fulfill Plaintiff's burden though. *Id.* Ultimately, all the plaintiff needs to show, "is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. Arizona*, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993).

The second phase of the two-step approach occurs once discovery is complete and the case is ready for trial. At that time, the party opposing § 216(b) collective action treatment may move to decertify the class. *Id.* at 990 n.1.

## 1. Conditional Certification

Plaintiff Karen Fenn alleges that she and other past and present customer service representatives ("CSRs") at Hewlett-Packard ("HP") were not paid for all hours worked beyond forty hours per week. In a nutshell, Fenn complains that HP required CSRs to arrive early and leave late so they could load and shut down computer applications. Fenn contends that CSRs were required to spend this extra time on the job without pay.

In support of her complaint, Fenn offers five declarations, including her own. Each declarant states that he or she worked for HP at one of HP's call centers in the

United States (2 in Idaho, 1 in Iowa, 1 in Colorado, and 1 in Michigan). *Fenn*, *Shaul*, *Bishop*, *Buonanni*, and *Bryant Declarations*, Dkts. 21-3 – 21-7. Each declaration states essentially the same thing with respect to unpaid work – CSRs were required to work extra time loading and shutting down their computer applications without pay. *Id*. Each declarant makes the general assertion that HP told them to work the extra time without pay. *Id*. Each declarant then explains that many other CSRs worked at their respective locations, ranging from 85-1500 per location.

HP responds, in part, by producing the declaration of HP's compensation manager, Jennifer Miner. Miner states that HP "maintains information on timecards which state, among other things, that 'non-exempt HP employees are paid for actual hours worked each pay period.'" *Miner Decl.*, ¶ 5, Ex. 1 at p. 4, Dkt. 27-2. Miner goes on to state that HP's global policies do not detail the minutiae of time recording for each employee because HP is a large global corporation with diverse business activities. *Id*. at ¶ 6. Miner states that HP uses a decentralized time keeping policy which relies upon local and business group level management for implementation. *Id*.

HP also produced the declaration of Lori Stanfield, an Operations Manager for HP in Boise, Idaho. Stanfield states that she is, and was during the time-frame of the allegations in this case, responsible for overseeing the pre-sales program where plaintiff Fenn worked. *Stanfiled Decl.*, ¶ 3. Fenn's supervisor reported to Stanfield. *Id*. Stanfield states that individual team supervisors are responsible for reminding their agents about proper treatment of time worked. *Id*. at ¶ 6. Stanfield notes that soon after HP acquired

Electronic Data Systems, the predecessor company where Fenn worked, Stanfield sent an email to all Boise supervisors explaining that "employees need to be paid for the time they spend booting up, reading emails, signing up for OT, and shutting down." *Id.* at ¶ 7, Attachment 1. Stanfield also declares that she sent an email of "talking points" to the supervisors regarding the timekeeping procedures. *Id.* at ¶ 8. Attached to the email was a memo. *Id.*, Attachment 2. The body of the memo states that "all working time must be paid time." *Id.* The memo details how HP wants to ensure that employees are properly paid, and it gives some "paid vs. unpaid" scenarios. *Id.* At the top of the memo, it states "Do Not Distribute," but Fenn's direct supervisor, Marc Militello, states that he instructed his team that the time used to start up their computer tools and applications and prepare for work should be recorded as paid time. *Militello Decl.*, ¶ 6. HP also suggests that there are differences among sites, supervisors and business groups with respect to shift times, required duties, etc.

Under these circumstances, the Court cannot make a determination whether conditional certification of a § 216(b) collective action is warranted. Specifically, the Court cannot determine whether Plaintiff's position was similar to those of the absent class members. The Court cannot determine whether some identifiable factual or legal nexus binds together the various claims of the class members, or whether a few rogue managers required employees to work off the clock.

Earlier, HP filed a motion requesting that it be provided the opportunity to briefly depose Plaintiff and the other four Declarants regarding the issues raised in Plaintiff's

Motion for Conditional Certification. HP suggested that testimony on the issue of certification would be helpful to the Court in determining whether Plaintiff could meet her burden that there are other "similarly situated" aggrieved persons. The Court denied the motion, but stated that once the Motion for Conditional Certification was fully briefed, the Court would have a better understanding of the issues in this case, and that the Court may need to allow the depositions before making its decision. The Court now has the benefit of HP's response to the Motion for Conditional Certification, which did, in fact, raise questions about whether Plaintiff is similarly situated with others. Moreover, Plaintiff did not file a reply brief responding to those questions in any way.

For these reasons, the Court will deny the Motion for Conditional Certification without prejudice, and allow the parties to conduct limited discovery on the issue of certification. Plaintiff may then file another motion to conditionally certify the action.

As general guidance to the parties, the Court notes that it would expect the second motion for conditional certification to address the issues raised by HP in its response brief. For example, the Court needs to know whether HP had a policy regarding CSRs working off the clock or whether HP simply had a few rogue managers who required off-the-clock work. Alternatively, Plaintiff may be able to discover that HP's policy preventing off-the-clock work was a policy honored largely in the breach – meaning that although it was the stated policy, it was not followed to any significant degree. The Court also needs to know the distinction between CSRs who worked directly for HP and those who worked for contractors, and whether this distinction affects the rights of the potential

class members.  Finally, as stated below, the Court would expect declarations which adhere to the requirements of the pertinent rules and statutes.

Discovery on the above-mentioned issues must be conducted within sixty days of the date of this order.  The Court will require the parties to meet and confer and provide the Court with a joint discovery plan within fourteen days of the date of this Order.  If the parties cannot agree on a joint plan, the parties must contact Jeff Severson, the Law Clerk assigned to this case, to set up a time for the Court to address the parties disagreements and order a discovery plan.

### 2.    Motion to Strike

HP asks the Court to strike the declarations relied upon for Plaintiff's Motion for Conditional Certification.  First, HP contends that the declarations are not based on personal knowledge.  HP asserts that the declarants' statements that they and other CSRs at their locations were told to begin and end their shifts off the clock are conclusory and without personal knowledge because they are not supported by any documentation or specific names of the supervisors who told them to do it.  These concerns will likely be fleshed out in the limited discovery the Court is allowing the parties to conduct.

However, HP also contends that the Court should strike the declarations because they do not comply with 28 U.S.C. § 1746.  Section 1746 provides that whenever any matter is required or permitted to be established by a sworn declaration in writing, this may be achieved by an unsworn declaration in writing which contains the statement,"I

declare . . . under penalty of perjury that the foregoing is true and correct." 28 U.S.C.

§ 1746. The declarations submitted by Plaintiff do not contain this specific language.

Instead, they indicate that the declarants make the declarations pursuant to 28 U.S.C.

§ 1746.

Plaintiff responded to the motion to strike by indicating that the declarants will

provide additional declarations which are identical in substance, but contain the necessary

specific language required by 28 U.S.C. § 1746. However, Plaintiff never filed the

amended declarations. Under these circumstances, the Court will strike the declarations.

Plaintiff may file additional declarations if and when she files another motion for

conditional certification.

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Motion for Conditional Certification of An FLSA Collective

Action (Dkt. 21) is **DENIED without prejudice**. The parties shall conduct

limited discovery related to the certification issue as explained above. The

parties shall meet and confer and provide the Court with a joint discovery

plan within fourteen days of the date of this Order. If the parties cannot

agree on a joint plan, the parties must contact Jeff Severson, the Law Clerk

assigned to this case, to set up a time for the Court to address the parties

disagreements and order a discovery plan.

2.   Defendant's Motion to Strike Declarations Submitted in Support of

Plaintiff's Motion for Conditional Certification (Dkt. 34.) **GRANTED**.



DATED:  **December 12, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge