UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KAREN FENN, on behalf of herself and others similarly situated,<br><br>                Plaintiff,<br>  v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>                Defendant. | Case No. 1:11-cv-00244-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Preliminary Approval of Settlement Class, and Approval of the Proposed Notice of Settlement (Dkt. 73). The motion is unopposed. The Court will grant the motion as explained below.

## ANALYSIS

The Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) is widely accepted for the proposition that all FLSA settlements must be approved by the Department of Labor or a court. A proposed settlement which involves a compromise by an employee will be approved only after the court determines that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In this sense, settlement of an FLSA claim is similar to Rule 23 settlements.

MEMORANDUM DECISION AND ORDER - 1

However, courts have also indicated that "[p]reliminary approval of a class action settlement, in contrast to final approval, is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Davis*, 775 F.Supp.2d at 607 (conditionally certifying both a Rule 23 class and a collective action under the FLSA for settlement purposes only); *see also In re Traffic Executive Association–Eastern Railroads*, 627 F.2d 631, 634 (2d Cir.1980). Thus, a proposed class action settlement should "be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Id*. (Internal citation omitted).

Here, the Court finds that it appears the proposed settlement is, in fact, the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. The Court preliminarily finds that the proposed settlement appears to be a fair and reasonable resolution of a bona fide dispute. It appears that counsel have reasonably evaluated their respective positions, and that settlement will likely avoid substantial additional costs to the parties. Accordingly, the Court will preliminarily approve the settlement. However, the Court stresses that this is "preliminary" approval, and the Court expects to conduct a fairness hearing before finally approving the settlement. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Preliminary Approval of Settlement Class, and Approval of the Proposed Notice of Settlement (Dkt. 73) is **GRANTED**. This is not final approval of the settlement.

2.  The proposed Stipulation and Settlement Agreement, Notice to Potential FLSA Opt-Ins Regarding Pendency of a Collective Action, and Consent to Join Settlement Form attached as exhibits to the Declaration of Carlos Leach in Support of Plaintiff's Motion for Preliminary Approval of Settlement (Dkt. 75) are hereby approved.

3.  CPT Group, Inc. is appointed as the settlement class Claims Administrator with all costs associated with administration of the settlement class paid for separately by the Defendant.

4.  Within ten (10) calendar days from the date of this Order, Defendant shall furnish the Claims Administrator with a list of all Potential FLSA Opt-Ins and their last known contact information.

5.  Within fifteen (15) calendar days from the Claims Administrator's receipt of the list of Potential FLSA Opt-Ins from the Defendant, the Claims Administrator will send, via first class mail, the Court-approved Class Notice and Consent to Join Settlement Form to each Potential FLSA Opt-In.

6.  Potential FLSA Opt-Ins may elect to opt into the Litigation and thus become Settlement Class Members. Potential FLSA Opt-Ins who wish to exercise this option and receive a Settlement Payment, must return the Consent to Join Settlement

Form by no later than the Notice Response Deadline as proven by a postmark on or before the Notice Response Deadline or as proven by a receipt establishing that the Consent to Join Settlement Form was delivered on or before the Notice Response Deadline.  The Notice Response Deadline is the date sixty (60) calendar days from the date on which the Claims Administrator initially mails the Class Notice and Consent to Join Settlement Forms to the Potential FLSA Opt-Ins.

7. The Class Representative shall move the Court for entry of Final Judgment no earlier than thirty (30) calendar days after the Notice Response Deadline, but no later than forty-five (45) calendar days after the Notice Response Deadline. The parties shall contact the Court when the motion is filed, and request a time for a fairness hearing.

8. Class Counsel shall file a Motion for Approval of Fees/Costs and Service Award no more than twenty (20) calendar days in advance of the Court's entry of Final Judgment.

9. Defendant shall fund the amounts necessary for the class settlement checks within twenty (20) calendar days of the written presentation of the amount owed into an account designated by the Claims Administrator for payment of funds.

10. Within fifteen (15) calendar days from the date Defendant has made payment to the Claims Administrator, the Claims Administrator shall mail the settlement checks.

11. For purposes of the Order, the "Effective Date" means the latest of: (i) the date of final affirmance on an appeal of the Final Judgment; (ii) the date of final

dismissal, with prejudice, of the last pending appeal from the Final Judgment; of (iii) if no appeal is filed, the expiration date of the time for filing or noticing of any form of valid appeal from the Final Judgment.

12. The Claims Administrator will disburse Court-approved attorneys' fees and costs, and Court-approved service awards within thirty (30) days of the Effective Date.

13. Amounts of the Settlement fund that are unclaimed or that were allocated to class members who do not opt-in to the settlement shall revert back to the Defendant.

DATED: December 21, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court